# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**SHERMAN BELL,**

        **Plaintiff,**           **CIVIL ACTION NO. 07-CV-13195-FL**

   **vs.**

                           **DISTRICT JUDGE PAUL V. GADOLA**

**WAYNE COUNTY CLERK,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** Plaintiff's Motion for Voluntary Dismissal (docket no. 10) should be **GRANTED,** this Court's earlier Order directing the prison to forward payments to the Clerk should be vacated, and the Clerk should be directed to return any monies received pursuant to that Order to Plaintiff.

\*\*\*

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff was granted IFP status. He later advised the Court that he did not possess sufficient funds to satisfy the initial partial filing fee. (Docket no. 5). In response the district court entered an Order on January 24, 2008 directing that the case proceed "absent any payment by Plaintiff." (Docket no. 6). Plaintiff now requests that this action be voluntarily dismissed because it is causing undue hardship upon him and his family. (Docket no. 10). He asks that monies received by the Court be returned and that the prison be instructed not to continue withdrawing funds from his prison account to satisfy the filing

fee for this action. (*Id*.). All pretrial matters have been referred to the undersigned for decision. (Docket no. 8).

In *Schweitzer v. United States Bureau of Prisons*, 2006 WL 3199154 (M.D. Pa. Nov. 3, 2006), the court directed the Clerk of Court to vacate the earlier Order in that case which directed the prison warden to deduct the filing fee from the plaintiff's prison trust account and to return to the plaintiff any monies already withdrawn pursuant to the earlier Order. This action was taken because the court dismissed the action without prejudice to him filing a habeas corpus petition. This is essentially the same relief that Plaintiff Bell seeks in this action.

Rule 41(a), Fed. R. Civ. P., allows for the voluntary dismissals of actions with and without a court order. If the dismissal is by court order, the dismissal is to be on "terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). No other party has yet entered an appearance in this action. Accordingly, no party would be prejudiced by granting Plaintiff's motion. Plaintiff's Motion should therefore be granted, this Court's Order of August 8, 2007 should be vacated to the extent that it directs the prison to withdraw monies from Plaintiff's prison trust account, and the Clerk should be directed to return to Plaintiff any monies already received toward the filing fee in this matter.

## <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 16, 2008          s/ Mona K. Majzoub                          
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Sherman Bell and Counsel of Record on this date.

Dated: April 16, 2008          s/ Lisa C. Bartlett                
                               Courtroom Deputy